IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

|  |  |
|---|---|
| CARRIE MISTINA,<br><br>        Plaintiff,<br><br>v.<br><br>ALEXANDRIA CAPITAL, LLC,<br><br>        Defendant. | Civil Action No. 1:13-cv-692 |

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Alexandria Capital, LLC's ("Alexandria") partial motion to dismiss.

Summit Wealth Management ("Summit"), a third-party not before the Court, entered an Asset Purchase Agreement ("APA") with Alexandria on August 1, 2011. Under the APA, Summit transferred certain investment accounts to Alexandria in exchange for a series of payments. On August 21, 2012, Summit assigned its interest in Alexandria's APA payments to Mistina, Summit's then-CFO. The first of Alexandria's payments came due on October 1, 2012, but Alexandria neither paid Mistina nor Summit. Summit, at the time, was engaged in receivership litigation in the Northern District of Georgia that potentially covered Alexandria's payments to Mistina. Mistina initiated this suit on June 7, 2013, for nonpayment, but the parties consented to a stay pending the receivership litigation.

1

The receiver claimed Summit's assignment of its interest in the APA payments to Mistina was a fraudulent conveyance. On September 21, 2017, the receiver sued Alexandria in the Northern District of Georgia, alleging the receivership should hold the rights to the APA payments—not Mistina. Alexandria and the receiver attempted to settle their suit in November 2017. The settlement proposed that Alexandria would pay Summit a portion of the money due under the APA and sought to bar Mistina from claiming an interest in any APA payments. The Northern District of Georgia approved the settlement, but Eleventh Circuit vacated that approval. SEC v. Alleca, No. 21-13486, 2022 WL 16631325, at *6 (11th Cir. Nov. 2, 2022). On remand, the district court reversed course, holding "Summit's transfer of the Note to Mistina was legitimate," and "Mistina is the valid owner of the Note." SEC v. Alleca, No. 1:12-cv-03261-ELR, Dkt. 238 at 6 (N.D. Ga. entered Oct. 17, 2023).

Mistina recommenced this suit on April 18, 2024, alleging three counts in an amended complaint: (I) breach of contract, (II) civil conspiracy, and (III) conversion and attempted conversion. Alexandria seeks to dismiss counts II and III.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion to dismiss tests a complaint's sufficiency. Nadendla v. WakeMed, 24 F.4th 299, 304 (4th Cir. 2022). In considering such a motion, the Court accepts as true all well-pleaded factual allegations and views the complaint in a light most favorable to the plaintiff. Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). The Court, however, need not accept as true the legal

conclusions, unwarranted inferences, or arguments asserted in the complaint. Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000).

"In determining whether a cause of action sounds in contract or tort, the source of the duty violated must be ascertained." Richmond Metro. Auth. v. McDevitt St. Bovis, Inc., 256 Va. 553, 558 (1998). In Oleyar v. Kerr, the Virginia Supreme Court distinguished between actions originating in contract and tort:

> If the cause of complaint be for an act of omission or non-feasance which, without proof of a contract to do what was left undone, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exists) then the action is founded upon contract, and not upon tort. If, on the other hand, the relation of the plaintiff and the defendants be such that a duty arises from that relationship, irrespective of the contract, to take due care, and the defendants are negligent, then the action is one of tort.

217 Va. 88, 90 (1976). Parties can, in certain circumstances, show both a breach of contract and a tortious breach of duty; however, "the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." Richmond, 256 Va. at 558 (quoting Foreign Mission Bd. v. Wade, 242 Va. 234, 241 (1991)).

Here, at base, Alexandria's alleged failure to pay Mistina—by the APA's terms—caused Mistina's damages. As outlined above, under the source-of-duty rule, "there is no tort liability for nonfeasance, i.e., for failing to do what one has promised to do in the absence of a duty to act apart from the promise made." Tingler v. Graystone Homes, Inc., 298 Va. 63, 84 (2019). And nonfeasance is exactly the accusation Mistina levels against Alexandria—failing to fulfill their contractual obligation under the APA. Mistina argues counts II and III arise separately from Alexandria's conduct over the course of the receivership litigation, but Mistina cannot tack on tort claims here to

3

recover her costs for prevailing in that litigation. Because Mistina's claims of nonfeasance asserted against [Alexandria] sound only in contract," id. at 93, Mistina's tort claims cannot survive. For these reasons, it is hereby

      **ORDERED** that Alexandria's partial motion to dismiss is **GRANTED**, and counts II and III are **DISMISSED**.

Alexandria, Virginia
August _5_ , 2024

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

4